IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In re                                )
                                     )   2:07-cv-1180-GEB-KJM-PS
JAMES M. KINCAID and ESTRELLA A.     )
KINCAID,                             )   ORDER
                                     )
             Debtors.                )
_____)

On June 18, 2007, pro se Petitioners Estrella Kincaid and James Kincaid, debtors in a bankrupcty action pending in the Eastern District of California, 05-21390-B-7, filed an Emergency Ex Parte Petition for Writ of Mandamus "request[ing] that this court issue a writ of mandamus disqualifying judge Thomas Holman from [the] Kincaids' case and to continue [the hearing on the Kincaids' motion for recusal scheduled to commence at 9:30 a.m. on June 19, 2007] until disposition of this motion for writ of mandamus." (Petition at 5.)

Issuance of a writ of mandamus is "an extraordinary remedy" justified only by "exceptional circumstances." In re Corrugated Container Antitrust Litig., 614 F.2d 958, 962 (5th Cir. 1980). Since Petitioners have not shown that their right to mandamus relief is "clear and indisputable," their petition is denied. In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312, 1313 (2nd Cir. 1988)

1

("[U]pon reviewing [a] petition [for writ of mandamus, a reviewing court] must determine whether [the judge that failed to recuse himself] can 'indisputably' be said to have abused his discretion in denying the motion to recuse himself. . . . Absent such a showing, mandamus will not lie."); see also In re Corrugated Container Antitrust Litig., 614 F.2d at 962 ("[T]he writ of mandamus 'is an order directing a public official . . . to perform a duty exacted by law,' and 'will not issue to correct a duty that is to any degree debatable . . . .' The party seeking the writ carries the burden of proving a 'clear and indisputable' right to issuance of the writ . . . . [D]efendants manifestly cannot demonstrate a 'clear and indisputable' right to issuance of the writ [since] [t]he legal duty of [a] judge to disqualify himself is not merely debatable it is nonexistent.") (internal citations omitted).

Further, this action is duplicative of other actions filed in this court. (See 2:06-cv-01682-WBS, 2:06-cv-01684-RRB.) Therefore, this action is dismissed.

IT IS SO ORDERED.

Dated: June 19, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge